# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 16, 2012

No. 11-30537

Lyle W. Cayce
Clerk

STEVEN BICE, on his own behalf, and on behalf of a class of all similarly situated indigent criminal defendants,

Plaintiff - Appellant,

v.

LOUISIANA PUBLIC DEFENDER BOARD,

Defendant - Appellee.

Appeal from the United States District Court for the
Eastern District of Louisiana

Before STEWART, CLEMENT, and GRAVES, Circuit Judges.

CARL E. STEWART, Circuit Judge:

After Steven Bice was charged with public intoxication and public inhabitation, he was brought before the Municipal Court of the City of New Orleans and qualified for representation by a public defender. Louisiana's funding mechanism for indigent defense requires indigent defendants who are found guilty, plead guilty, or plead nolo contendere to pay a $35 fee at the conclusion of their cases, but it does not require defendants who are exonerated to pay the $35 fee. Bice brought suit against the Louisiana Public Defender Board (the "Board"), arguing that this fee violates his rights under the Sixth Amendment and Fourteenth Amendment of the United States Constitution by

No. 11-30537

discouraging public defenders from exonerating their clients. The district court ruled that abstention was required under the *Younger* doctrine and, alternatively, that Bice did not state a claim for relief under the Sixth Amendment or the Fourteenth Amendment. Because we hold that the district court did not err when it abstained from exercising jurisdiction over Bice's lawsuit, we AFFIRM the district court's judgment.

## I.

The Public Defender Reform Act, enacted by the Louisiana legislature in 2007, was intended to reform Louisiana's entire system of indigent defense, including "consolidated management and oversight at the state level, professionalization of local offices, and a permanent funding mechanis[m] through the establishment of local indigent defender systems." It was supported by a range of groups across Louisiana, including the Louisiana Public Defenders Association, the Louisiana State Bar Association's Right to Counsel Committee and the Louisiana Association of Criminal Defense Lawyers. Among the provisions in the Public Defender Reform Act was La. R.S. § 15-168, which provides that a $35 fee "shall be assessed in cases in which a defendant is convicted after a trial, a plea of guilty or nolo contendere, or after forfeiting bond and shall be in addition to all other fines, costs, or forfeitures imposed." The $35 fee is to be collected within each court of original criminal jurisdiction and in mayors' courts in cities having fewer than 5,000 residents, and then remitted to a fund administered by the public defender in each judicial district. *Id.* The statute provides that the money in that fund can only be used to deliver indigent defender services in that district. *Id.*

Section 15-168 proved less successful at raising funds than the Board had hoped, however, because judges often refused to assess the fees against defendants. Accordingly, the Board brought a mandamus suit in 2010 against all Orleans Parish judges with criminal jurisdiction, seeking an order that

2

No. 11-30537

judges in Orleans Parish be forced to assess the fees. The writ of mandamus was issued against all judges in Orleans Parish with criminal jurisdiction.

On February 23, 2011, Steven Bice was arrested in Orleans Parish on charges of public intoxication and public habitation. After his arrest, Bice was qualified for representation by the indigent defender's office. When Bice appeared in New Orleans Municipal Court on these charges, the New Orleans Municipal Judge appointed the Tulane Law Clinic to represent Bice with respect to Bice's challenge to the constitutionality of La. R.S. § 15-168. The New Orleans Municipal Judge also ordered the municipal court proceedings to continue uninterrupted against Bice. Bice failed to appear for his last scheduled court date in the municipal court proceeding.

Bice brought suit against the Louisiana Public Defender Board in the United States District Court for the Eastern District of Louisiana, arguing that La. R.S. § 15-168 violated his rights under the Sixth Amendment and the Fourteenth Amendment.[1] He filed a complaint on his own behalf and on behalf of similarly situated plaintiffs on February 28, 2011, asserting claims under 42 U.S.C. § 1983. He then moved to certify a class on March 1, 2011, but the district court never ruled on the motion. On March 11, 2011, the Board filed a motion to dismiss; on March 30, 2011, Bice filed a motion for summary judgment. The parties argued their respective motions before the district court on May 11, 2011. After a lengthy colloquy with the attorneys for both sides, the district court ruled from the bench. The district court held that the prerequisites for *Younger* abstention were satisfied. In the alternative, the district court held that Bice did not state a claim under section 1983 for violation of his rights under either the Sixth Amendment or the Fourteenth Amendment.[2]

---

[1]  Bice has not raised these constitutional challenges in the municipal court proceeding.

[2]  Even though it abstained under *Younger*, the district court addressed the merits of Bice's claims by assessing whether the case presented "extraordinary circumstances" such that

No. 11-30537

The district court therefore denied Bice's motion for summary judgment and granted the Board's motion to dismiss.  This timely appeal followed.

## II.

## A.

This court reviews a district court's abstention ruling for abuse of discretion, but it reviews de novo whether the elements for *Younger* abstention are present.  *Younger v. Harris,* 401 U.S. 37 (1971); *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004).  "A court necessarily abuses its discretion when it abstains outside of the doctrine's strictures." *Tex. Ass'n of Bus.*, 388 F.3d at 518 (quoting *Webb v. B.C. Rogers Poultry, Inc.*, 174 F.3d 697, 701 (5th Cir. 1999)).

---

it justified invoking an exception to the *Younger* doctrine:

> But I wanted to really address the merits of this, and that's why I wanted to consider whether – because you had very compelling arguments as it would relate [to the] Sixth Amendment, as it relates to Equal Protection under the Fourteenth Amendment, so I wanted to address those as well, and that's why maybe we all got a little creative and said let's address that under the extraordinary circumstances.

With respect to Bice's Sixth Amendment claim, the district court concluded that "Louisiana's Public Defender funding scheme does not present, in my opinion, an actual conflict of interest between the plaintiff and his public defender.  Due to the complex distribution of funds and the role of the budget in allocating spending, any potential conflict is too attenuated and too remote to warrant separate counsel."

With respect to Bice's Fourteenth Amendment claim, the district court concluded the following:

> Because this Court finds that Louisiana's Public Defender's funding scheme does not create an actual conflict of interest, I also find that it does not infringe on plaintiff's fundamental right to counsel, therefore, I feel that plaintiff has not demonstrated a violation of Equal Protection of Due Process on these grounds as well.

No. 11-30537

## B.

In general, the *Younger* doctrine requires that federal courts decline to exercise jurisdiction over lawsuits when three conditions are met: (1) the federal proceeding would interfere with an "ongoing state judicial proceeding"; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has "an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if "certain narrowly delimited exceptions to the abstention doctrine apply."[3] *Tex. Ass'n of Bus.*, 388 F.3d at 519.

Bice does not contest that Louisiana has an important state interest in regulating the subject matter of his claim, nor does he argue that any of the exceptions to the *Younger* doctrine apply. Accordingly, the issues before us implicate only two prerequisites for the application of the *Younger* doctrine: whether Bice's federal lawsuit will interfere with the ongoing state court proceeding, and whether the municipal court is an adequate forum to hear Bice's constitutional claims. We address each of these in turn.

## 1.

We first consider whether ruling in favor of Bice would interfere with an ongoing state proceeding. "In order to decide whether the federal proceeding would interfere with the state proceeding, we look to the relief requested and the

---

[3] The *Younger* exceptions are as follows:

(1) the state court proceeding was brought in bad faith or with the purpose of harassing the federal plaintiff, (2) the state statute is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence, and paragraph, and in whatever manner and against whomever an effort might be made to apply it," or (3) application of the doctrine was waived.

*Tex. Ass'n of Bus.*, 388 F.3d at 519 (quoting *Younger*, 401 U.S. at 49).

effect it would have on the state proceedings." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003). The interference with ongoing state proceedings need not be direct to invoke *Younger* abstention. The *Younger* doctrine prevents federal courts from exercising jurisdiction when the relief requested "would indirectly accomplish the kind of interference that *Younger v. Harris* and related cases sought to prevent." *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (internal citation omitted). Interference is established "whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly." *Joseph A. ex rel. Wolfe v. Ingram*, 275 F.3d 1253, 1272 (10th Cir. 2002).

The ongoing state proceeding here is Bice's criminal prosecution in municipal court. A successful challenge to the statutory scheme for funding public defenders, the Board argues, would require the state to postpone Bice's prosecution until adequate funding is located. The Board contends that imperiling the framework that funds public defenders therefore constitutes "interference" with a state court proceeding. In support of its argument, the Board cites to a case in which the Supreme Court of Louisiana wrote that prosecutions can be suspended if the state has insufficient funding for indigent defense. *See State v. Citizen*, 898 So. 2d 325, 338-39 (La. 2005).

The withdrawal of Bice's public defender would unquestionably interfere with Bice's proceeding, in that it would "interfere with the state court's ability to conduct proceedings" by requiring the municipal court judge to locate new counsel for Bice. *See Joseph A. ex rel. Wolfe,* 275 F.3d at 1272. The parties dispute, however, whether ruling the fee unconstitutional would affect the Board's funding so drastically as to require public defenders to withdraw from pending proceedings. The Board argues that, in the aggregate, the $35 fees constitute a sufficient percentage of the Board's budget that its public defenders

would be forced to withdraw from the proceedings of Bice and other indigent defendants if the fee is ruled unconstitutional until the Board locates an alternative funding source. *See* Appellee's Br. at 54 ("A state-wide injunction against enforcement of the statute would in effect resolve the conflict 'problem' Bice insists exists, in that it would immediately end the provision of attorneys by the State to criminal court defendants, including Bice."). Bice responds that the fee is a relatively minor component of Louisiana's system of funding indigent defense, and that declaring it unconstitutional would not affect the ability of the Board to provide public defenders to all qualifying defendants.[4]

In deciding whether to abstain pursuant to *Younger*, we must be practical in assessing the most likely result of granting plaintiff's requested relief. *See Luckey v. Miller*, 976 F.2d 673, 679 (11th Cir. 1992) ("This Court is constrained, therefore, to focus on the likely result of an attempt to enforce an order of the nature sought here."). Even if an order from this court does not directly require Bice's public defender to withdraw from a proceeding, relief that is likely to produce that result constitutes interference with Bice's proceeding. *See Luckey*, 976 F.2d at 678 (abstaining from ruling on a challenge to Georgia's indigent defense system where holding for plaintiffs would imperil pending proceedings by "lea[ving state defendants] to their own resources" in complying with a federal order).

Here, Bice's proceedings would likely be halted until the Board determines a way to fill the funding gap that would be created by an injunction prohibiting the state from collecting the $35 fee. The Board asserts unequivocally in its briefing that a ruling in favor of Bice would lead it to withdraw from Bice's proceedings. That the Board thought it necessary to bring a lawsuit in 2010

---

[4] Neither the Board nor Bice cites data showing what percentage of indigent defense funding in Orleans Parish or statewide comes from the fee. Bice merely speculates that the Louisiana legislature might be able to appropriate funds that would offset the fee if we declare it unconstitutional.

No. 11-30537

compelling judges to assess the $35 fee tends to show the fee's importance to the Board's operations. Further, the license from the Louisiana Supreme Court to suspend proceedings in the case of funding shortages enhances the credibility of the Board's pronouncement that a ruling in favor of Bice would halt Bice's proceeding. *State*, 898 So. 2d at 338-39. Because a ruling in Bice's favor would likely result in interference with Bice's ongoing municipal court proceeding, this prerequisite for *Younger* abstention is satisfied.[5]

## 2.

We next consider whether Bice has an adequate opportunity to raise his claim in the ongoing municipal court proceedings. "The operation of the *Younger* doctrine is dependent upon the ability of the state courts to provide an adequate remedy for the violation of federal rights." *DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984). Bice argues that the municipal court lacks jurisdiction to grant his requested relief, preventing him from obtaining an adequate remedy for his alleged injuries in municipal court proceedings.[6] Because he did not attempt to bring his claim in state court, Bice bears the burden of establishing this contention. *Penzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (quoting *Moore v. Sims*, 442 U.S. 415, 432 (1979)).

---

[5] Because we conclude that a funding shortage would likely result in withdrawal of Bice's public defender and that such a withdrawal constitutes interference with the municipal proceeding, we need not address the Board's contention that interference would result from the potential disqualification of Bice's counsel due to conflict of interest rules.

[6] In his brief, Bice also argues that the municipal court has no jurisdiction over the Board and that the municipal court has no jurisdiction over Bice's civil claim. These arguments, however, are based on two provisions of the Louisiana Code of Civil Procedure that are inapplicable to the municipal court. *See* La. Code Civ. P. art. 4847(A)(3) (2011); La. Code Civ. P. art. 4847(A)(6) (2011). The municipal court hearing Bice's case is a special court of original criminal jurisdiction. The Louisiana Code of Civil Procedure does not apply to its proceedings.

No. 11-30537

Section 13:2493 of the Louisiana Revised Statutes governs the municipal court.[7] This statute authorizes the court to issue injunctions "pursuant to the provision of Code of Civil Procedure Articles 3601 through 3613, when irreparable injury, loss, or damage may otherwise result to any person over whom the court has jurisdiction pursuant to this Section or as provided by law . . . ." None of the cited Articles of the Code of Civil Procedure limit the authority of the municipal court to enjoin the Board from collecting a fee that violates Bice's rights under the Sixth and Fourteenth Amendments.

Bice nevertheless argues that the municipal court cannot provide an adequate remedy for his alleged injury because the municipal court is incapable of granting statewide injunctive relief against the Board. Specifically, he

---

[7] The statute provides in relevant part:

A. The jurisdiction of the court shall extend to the trial of violations of the ordinances of the city of New Orleans, except traffic violations.
B. The jurisdiction of the courts shall further extend to the trial of violations of state statutes which are not triable by a jury; which jurisdiction shall be concurrent with that of the Criminal District Court for the Parish of Orleans. This jurisdiction shall not extend to traffic violations.
C. When exercising said concurrent jurisdiction and in cases involving violation of an ordinance adopted pursuant to R.S. 14:143(B), all procedures shall comply with those parts of the Louisiana Constitution of 1974, the Louisiana Revised Statutes, and the Code of Criminal Procedure pertaining to the prosecution of criminal cases not requiring trial by jury. D. The jurisdiction of the Housing and Environmental Court Division shall extend to the trial of violations of the Building Code, the Comprehensive Zoning Ordinance and Chapters 28, 30, 48, and 54 of the City Code of the city of New Orleans as provided by law, in addition to the general jurisdiction of the Municipal Court of New Orleans.
E. The jurisdiction of the court shall extend to the granting of an injunction, preliminary injunction, or temporary restraining order pursuant to the provisions of Code of Civil Procedure Articles 3601 through 3613, when irreparable injury, loss, or damage may otherwise result to any person over whom the court has jurisdiction pursuant to this Section or as provided by law; however, the court shall not have the authority to grant injunctive relief with respect to any matter provided in Code of Civil Procedure Article 3604(B)(1) and (3) and (C).
F. The court shall have no other jurisdiction.

La. Rev. Stat. Ann. § 13:2493.

No. 11-30537

contends that statewide relief would avoid the risk of inconsistent judgments in different districts, and that it would take too much time for each municipal court to determine whether La. R.S. § 15-168 constitutes a violation of defendants' rights. But these arguments do not establish that Bice cannot obtain an adequate remedy for the putative violations of *his* constitutional rights. The only actual injury Bice alleges is the putative conflict between him and his public defender. The municipal court has the authority to grant injunctive relief to protect "any person over whom this court has jurisdiction pursuant to this Section or as provided by law." La. R.S. § 13:2493(E). By this authority, the municipal court can simply enjoin the collection of the fee as it pertains to Bice, which would protect him against any asserted constitutional violations. Accordingly, statewide relief is not necessary to protect Bice's rights.

While Bice argues in his brief that the rights of his putative class cannot be vindicated by the municipal court, the district court did not certify a class. Bice cites no support for the proposition that relief sought on behalf of an uncertified class should be considered in the *Younger* abstention analysis.[8] Since a class has not been certified, an injunction from the municipal court that applies only to Bice would be sufficient to "provide an adequate remedy for the violation" of Bice's constitutional rights. *DeSpain*, 731 F.2d at 1178. For these reasons, Bice has not borne his burden of showing the municipal court cannot grant the relief that he seeks.

---

[8]  Bice cites *M.D. v. Perry*, 799 F. Supp. 2d 712, 721-22 (S.D. Tex. 2011), *rev'd on other grounds,* No. 11-40789, 2012 WL 974878 (5th Cir. Mar. 23, 2012), to support his argument that the limited relief offered by the municipal court is insufficient to remedy the violations he asserts. In *M.D.*, the district court did focus on the failure of state court placement review hearings to address "overarching systemic concerns or constitutional violations." *Id.* In that case, however, a class had already been certified before the court decided whether to abstain under *Younger*. *Id.* at 714. Additionally, the reasoning of the district court was based on the unique circumstances faced in state foster care proceedings. *Id.* at 721-22.

No. 11-30537

## C.

Accordingly, the prerequisites for *Younger* abstention have been satisfied. Bice does not contend that his appeal implicates any exceptions to the *Younger* doctrine. Thus, the district court correctly ruled that *Younger* required it to abstain from exercising jurisdiction. Accordingly, we do not address the merits of Bice's constitutional claims.

## III.

We AFFIRM the district court's judgment.