# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30469
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 22, 2017

Lyle W. Cayce
Clerk

Consolidated with 16-30886 and 16-31054

JEFFREY T. KRUEBBE,

       Plaintiff–Appellant,

v.

RAYLYN R. BEEVERS, The Honorable Judge, Division "B," Second Parish
Court, Parish of Jefferson, State of Louisiana; CHARLES THOMAS CARR,
III, Assistant District Attorney, Parish of Jefferson, State of Louisiana,

       Defendants–Appellees.

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-6930

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

PER CURIAM:*

       Plaintiff–Appellee Jeffrey T. Kruebbe appeals the district court's orders
remanding his criminal prosecution to state court and dismissing his civil
rights claims against Defendants–Appellees Judge Raylyn R. Beevers and

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 16-30469
Cons. w/ No. 16-30886 and No. 16-31054

Assistant District Attorney Charles Thomas Carr. We AFFIRM, and we DENY Kruebbe's motion to certify questions to the Louisiana Supreme Court.

## I. BACKGROUND

In 2015, Kruebbe was charged with a misdemeanor criminal violation in Louisiana state court. After Kruebbe failed to appear at his arraignment, Judge Beevers found him in contempt, assessed a $150 fine, and issued a writ of attachment for his arrest. Kruebbe claims that he was never served with notice of the arraignment. Kruebbe's mother paid the contempt fee, which was deposited into the state court's Judicial Expense Fund. Kruebbe then brought this pro se civil rights action in federal district court against Judge Beevers, Carr, and Clerk Jon A. Gegenheimer[1] and filed a notice of removal attempting to remove his criminal prosecution from state court to federal court. Kruebbe claimed that the Judicial Expense Fund and his state criminal prosecution were unconstitutional because Judge Beevers and her colleagues on the state court purportedly control and benefit from the funds they collect through fines, resulting in judicial bias and denial of due process. The district court denied Kruebbe's request to remove his criminal case to federal court and remanded the case to state court. The district court subsequently granted the Appellees' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). This appeal followed.

## II. DISCUSSION

Kruebbe makes numerous claims and accusations against the Appellees. "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993) (quoting *Price v. Dig. Equip. Corp.*, 846 F.2d 1026,

---

[1] Kruebbe only appeals claims with respect to Judge Beevers and Carr.

1028 (5th Cir. 1988)). "An argument not raised before the district court cannot be asserted for the first time on appeal." *XL Specialty Ins. v. Kiewit Offshore Servs., Ltd.*, 513 F.3d 146, 153 (5th Cir. 2008). And "[i]t is not enough to merely mention or allude to a legal theory." *Willis v. Cleco Corp.*, 749 F.3d 314, 319 (5th Cir. 2014) (quoting *United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir. 2010)). Instead, a party must "clearly identify[] a theory as a proposed basis for deciding the case." *Id.* (quoting *Scroggins*, 599 F.3d at 447). We decline to consider several of Kruebbe's claims on appeal because he did not raise them before the district court and has failed to clearly identify proposed bases for deciding the case. The only claims that Kruebbe has preserved and briefed with sufficient clarity are his contentions that the district court erred in (1) remanding his criminal case to state court, (2) dismissing his civil rights claims, and (3) refusing to appoint him counsel.

## A.    Remand to State Court

"We review de novo a district court's order remanding a case to state court." *Admiral Ins. v. Abshire*, 574 F.3d 267, 272 (5th Cir. 2009). Pursuant to 28 U.S.C. § 1443(1), a "criminal prosecution[] commenced in a State court may be removed by the defendant to the district court of the United States" if the prosecution is "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." As the district court pointed out, the Supreme Court held in *Georgia v. Rachel* that "the phrase 'any law providing for . . . equal civil rights' must be construed to mean any law providing for specific civil rights stated in terms of racial equality." 384 U.S. 780, 792 (1966).

Kruebbe argues that the Supreme Court's decision in *Rachel* was subsequently reversed by *Chapman v. Houston Welfare Rights Organization*,

441 U.S. 600 (1979). But *Chapman* involved the interpretation of a different statute, 28 U.S.C. § 1343, and thus did not overturn *Rachel*. On the contrary, *Chapman* reiterated *Rachel*'s holding, explaining that § 1443 "was enacted in the Civil Rights Act of 1866 under the authority of the Thirteenth Amendment" and was therefore "limited to racially based claims of inequality." *Id.* at 622 n.41. By contrast, § 1343 is "based upon the authority of the Fourteenth Amendment," which does not contain the same limitation. *Id.* In requesting that his case be removed to federal court, Kruebbe did not allege that he was denied or unable to enforce rights under any law providing for equal civil rights stated in terms of racial equality. Therefore, § 1443(1) did not apply to his criminal prosecution.

Kruebbe also contends that his criminal case should have been removed from state court under 28 U.S.C. § 1455. But this statute does not provide criminal defendants with a separate right to remove their cases from state court. Rather, as the provision's heading and plain language indicate, § 1455 merely provides procedures that must be followed in order to remove a criminal case from state court when a defendant has the right to do so under another provision, such as 28 U.S.C. § 1443. Accordingly, we hold that the district court was correct in remanding Kruebbe's criminal case to state court.

## B.    Civil Rights Claims

"We review de novo the grant of a Rule 12(b)(6) motion to dismiss." *Loupe v. O'Bannon*, 824 F.3d 534, 536 (5th Cir. 2016). The district court granted Judge Beevers's motion to dismiss because the court concluded that it was required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). Pursuant to *Younger*, federal courts generally decline to exercise jurisdiction over a lawsuit when: "(1) the federal proceeding would interfere with an 'ongoing state judicial proceeding'; (2) the state has an important interest in regulating the

subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quoting *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "If the three prerequisites are satisfied, then a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Id.* (quoting *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 519 (5th Cir. 2004)).

First, Kruebbe contends that because he was never served with notice of his arraignment, there were no ongoing state judicial proceedings. Despite any initial deficiencies in service, however, Kruebbe eventually learned about the state proceedings and appeared before the state court. Moreover, the fact that Kruebbe attempted to remove his state criminal case to federal court makes clear that there were ongoing state judicial proceedings. Next, Kruebbe argues that the state has not afforded him an adequate opportunity to raise his constitutional challenges because Judge Beevers denied his motion to transfer venue. He claims that a change of venue was necessary to protect his constitutional rights because Judge Beevers was allegedly profiting from the Judicial Expense Fund and was therefore biased. But the evidence shows that Kruebbe was able to challenge the $150 contempt fine and its constitutionality in the state proceedings: after Kruebbe complained he was never served with notice of his arraignment, Judge Beevers ordered that the contempt fine be reevaluated at trial. Finally, Kruebbe argues that *Younger* is inapplicable because Article 622 of the Louisiana Code of Criminal Procedure purportedly allows him to remove his case from state to federal court. Article 622, however, merely describes when a case may be moved to another venue within the state court system. Removal of a case from state to federal court is governed by federal law, 28 U.S.C. §§ 1441–55; therefore, Article 622 is not relevant to the

*Younger* analysis. We hold that the district court properly dismissed Kruebbe's civil rights claims against Judge Beevers.

The district court granted Carr's motion to dismiss because Kruebbe failed to allege facts tending to show Carr liable for misconduct. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As the district court noted, Kruebbe's complaint and amended complaint did not include any specific factual allegations suggesting that Carr had engaged in misconduct. Accordingly, we hold that the district court properly dismissed Kruebbe's claims against Carr for failing to state a claim for relief.

## C.    Appointment of Counsel

We review the denial of a motion for appointment of counsel in a civil rights case for abuse of discretion. *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015). In doing so, we assess whether the district court's underlying factual findings were clearly erroneous. *Id.* at 800. "A district court should appoint counsel in a civil rights case only if presented with exceptional circumstances." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997). To determine whether exceptional circumstances exist, the court should consider:

> (1) the type and complexity of the case; (2) whether the indigent litigant is capable of adequately presenting his case; (3) whether the litigant is in a position to investigate the case adequately; (4) whether the evidence will consist in large part of conflicting testimony, thus requiring skill in presentation and cross-examination.

*Id.* (quoting *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)). "Once a district court finds that a particular case presents exceptional circumstances, it abuses its discretion by declining to appoint counsel." *Naranjo*, 809 F.3d at 801.

In this case, the district court indicated that the issues presented by Kruebbe's case were not particularly complex, that Kruebbe was "extremely eloquent," "able to adequately present his case," and "able to adequately investigate his case," and that the case was unlikely to involve conflicting testimony. Therefore, the district court concluded that the case did not present "exceptional circumstances that warrant the appointment of counsel in a civil case." After reviewing the record, we hold that the district court's findings were not clearly erroneous and that the district court did not abuse its discretion in denying Kruebbe's motion for appointment of counsel.

## III. CONCLUSION

For the reasons discussed above, we AFFIRM. Because we hold that there is no basis upon which Kruebbe's federal case can proceed at this time, Kruebbe's motion to certify questions of state law to the Louisiana Supreme Court is DENIED.