# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-60312
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 9, 2018

Lyle W. Cayce
Clerk

IKECHUKWU HYGINUS OKORIE, Medical Doctor,

Plaintiff - Appellant

v.

MISSISSIPPI BOARD OF MEDICAL LICENSURE; M.D. VIRGINIA
CRAWFORD, Individually; JONATHAN DALTON, Individually; RANDALL
ESTERLING, M.D., Individually,

Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:18-CV-179

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

On March 23, 2018, the Mississippi Board of Medical Licensure ("Board")
held a disciplinary hearing related to charges that appellant Ikechukwu
Hyginus Okorie violated the terms of a previous disciplinary order. The
following day, Okorie filed a pro se complaint and request for a temporary

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 18-60312

restraining order in federal court, seeking to enjoin the Board from suspending his medical license. He claimed its enforcement actions against him were racially motivated and retaliatory.

On March 26, 2018, the Board entered its Determination and Order, suspending Okorie's license for a year. The district court subsequently dismissed Okorie's federal claim based on abstention under *Younger v. Harris*, 401 U.S. 37 (1971). Okorie appeals the district court's judgment, contending abstention was not warranted.

The district court's abstention ruling is reviewed for abuse of discretion, but we review de novo whether the conditions of *Younger* abstention are present. *Tex. Ass'n of Bus. v. Earle*, 388 F.3d 515, 518 (5th Cir. 2004). *Younger* requires federal courts to abstain from granting injunctive or declaratory relief where "(1) the federal proceeding would interfere with an ongoing state judicial proceeding; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has an adequate opportunity in the state proceedings to raise constitutional challenges." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (quotations omitted).

Okorie does not seriously dispute that the first two conditions are met. He does not dispute that the Board's disciplinary proceeding can be considered a "judicial proceeding" for *Younger* purposes. And that proceeding was ongoing when Okorie filed his federal case, as the Board had not yet entered its Determination and Order. *See DeSpain v. Johnston*, 731 F.2d 1171, 1178 (5th Cir. 1984) ("If a state action is pending at [the time that the federal complaint is filed], the federal action must be dismissed."). Further, Okorie does not dispute that an important state interest is at stake, namely, regulating the practice of medicine. *See, e.g., Planned Parenthood of Greater Tex. Surgical Health Servs. v. Abbott*, 734 F.3d 406, 411 (5th Cir. 2013).

No. 18-60312

Okorie focuses instead on the third condition. Specifically, he contends he did not and would not have an adequate opportunity to raise his racial discrimination claim in the state proceedings. He contends he was not able to raise the claim before the Board and so is not able to raise it on appeal to the state court.

This argument is directly contradicted by the Board hearing transcript. Okorie was questioned about and testified regarding his claim of racially discriminatory enforcement. Even if he had not raised the claim with the Board, Mississippi law does not bar consideration of Okorie's constitutional claims on judicial review. *See Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims."). Okorie can (and did) appeal the Board's decision to the chancery court.[1] *See* Miss. Code Ann. § 73-25-27. Although the chancery court's review of an administrative decision is limited, the court can determine whether the Board "violated some statutory or constitutional right of the complaining party." *McFadden v. Miss. State Bd. of Med. Licensure*, 735 So.2d 145, 151 (Miss. 1999) (quotation and emphasis omitted). The district court correctly determined that the conditions for *Younger* abstention were present.

We also agree with the district court's finding that no exceptions to the *Younger* doctrine apply. A plaintiff may overcome the presumption of abstention only "in cases of proven harassment or prosecutions undertaken by state officials in bad faith . . . and . . . in other extraordinary circumstances where irreparable injury can be shown." *Perez v. Ledesma*, 401 US. 82, 85 (1971). One such extraordinary circumstance is bias that "render[s] the state

---

[1] That Okorie appears to have withdrawn his racial discrimination claim in his state appeal does not change the analysis. It is dispositive that he had the opportunity to raise the claim in state proceedings, whether or not he avails himself of this opportunity.

No. 18-60312

[body] incapable of fairly and fully adjudicating the federal issues before it." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

Okorie argues the Board's proceeding was initiated in retaliation for a separate federal lawsuit he brought against it. We affirm the district court's finding that retaliation was not a "major motivating factor" in the Board's enforcement proceedings. *Smith v. Hightower*, 693 F.2d 359, 367 (5th Cir. 1982). Okorie admitted to violating the Board's previous order, and the other lawsuit had been pending for eight months with no decision before the Board commenced the current proceedings against Okorie.

Okorie also claimed the court should not have abstained because the Board was biased against him. He alleges one of the board members competed with him in prescribing a particular drug. Okorie's only evidence of this is his own assertion in his answer to the Board's enforcement proceeding summons. To overcome the presumption of abstention due to bias, the adjudicative body must be "so biased . . . that it cannot constitutionally conduct hearings looking toward" the suspension of Okorie's medical license. *Gibson v. Berryhill*, 411 U.S. 564, 578 (1973). The district court found Okorie's allegations of bias to be insufficient, and we agree.[2] His unsubstantiated claim of one board member's pecuniary interest is inadequate to show extreme bias rendering the Board incompetent to conduct the enforcement proceeding.

The district court properly concluded the elements supporting *Younger* abstention were present and that no exception applied. We AFFIRM.

---

[2] We may affirm the district court's judgment on any grounds supported by the record. *Sojourner T v. Edwards*, 974 F.2d 27, 30 (5th Cir. 1992).