# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2022

Lyle W. Cayce
Clerk

No. 21-51068
Summary Calendar

Eric S. Ray,

*Petitioner—Appellant*,

*versus*

Scott Crow, *Director, Oklahoma Department of Corrections*,

*Respondent—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 21-CV-244

Before King, Costa, and Ho, *Circuit Judges*.
Per Curiam:*

Appellant Eric S. Ray appeals the district court's final judgment dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241 and denying all his pending motions. For the reasons that follow, we AFFIRM the judgment.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-51068

## I.

While at their home in Oklahoma, Eric S. Ray punched his wife in the face on October 3, 2018; he then fled to Texas and was arrested in Ector County for possession of marijuana on October 23. He was subsequently notified of two outstanding warrants, one in Arkansas for failure to appear and the other in Collin County, Texas, for a charge of theft by check. After being arraigned on October 31 for the two Texas offenses, he was placed on a no-bail hold. On November 9, Ray was notified that he was also wanted by the State of Oklahoma on a felony charge of assault and battery of his wife. On December 13, Ray was taken into the custody of a sheriff's deputy from McCurtain County, Oklahoma, who traveled to Collin County, Texas, to transport Ray from Texas to Oklahoma. On December 14, Ray was arraigned on the domestic violence charge. In May 2019, a jury found Ray guilty on two counts of domestic assault and battery resulting in great bodily harm of his wife, and he is currently serving a thirty-year sentence in Oklahoma for those convictions.

Ray sued the Director of the Oklahoma Department of Corrections challenging his custody through a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. He alleges violations of his rights under the Fourth,

No. 21-51068

Fifth, Eighth, and Fourteenth Amendments,[1] as well as under the Uniform Criminal Extradition Act[2] and Interstate Agreement on Detainers Act.[3]

Ray claims that his initial arrest on October 23 in Ector County was illegal and that he was illegally detained until his transfer on December 13 to Oklahoma. He requests that the court "void [his] current conviction and furthermore dismiss all charges . . . in all three states . . . with prejudice." The district court dismissed his petition without prejudice because (1) Ray's allegation that his initial arrest was illegal was merely conclusory and (2) the doctrines of abstention and mootness prevented the court from reversing Ray's extradition. Ray timely appeals.

## II.

We review "a district court's abstention ruling for abuse of discretion, but [we] review[] de novo whether the elements for *Younger* abstention are present." *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012). Pursuant to the Supreme Court's abstention doctrine announced in *Younger*,[4] federal courts must not exercise jurisdiction over a suit when three conditions are met: "(1) the federal proceeding would interfere with an 'ongoing state

---

[1] Ray asserts on appeal that his constitutional rights under the First and Sixth Amendments were violated. "'As a court for review of errors,' we do 'not . . . decide facts or make legal conclusions in the first instance,' but 'review the actions of a trial court for claimed errors.'" *Montano v. Texas*, 867 F.3d 540, 546 (5th Cir. 2017) (quoting *Browning v. Kramer*, 931 F.3d 340, 345 (5th Cir. 1991)). Accordingly, we address only the allegations presented to the district court and adjudicated there.

[2] The Uniform Criminal Extradition Act was codified into Texas law in the Texas Code of Criminal Procedure article 51.13.

[3] "The Interstate Agreement on Detainers is hereby enacted into law and entered into by the United States on its own behalf and on behalf of the District of Columbia with all jurisdictions legally joining." 18 U.S.C. app. 2 § 2.

[4] *Younger v. Harris*, 401 U.S. 37 (1970).

judicial proceeding'; (2) the state has an important interest in regulating the subject matter of the claim; and (3) the plaintiff has 'an adequate opportunity in the state proceedings to raise constitutional challenges.'" *Id.* (quoting *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). When these three conditions are met, "a federal court can assert jurisdiction only if 'certain narrowly delimited exceptions to the abstention doctrine apply.'" *Bice*, 677 F.3d at 716 (quoting *Tex. Ass'n Bus. v. Earle,* 388 F.3d 515, 519 (5th Cir. 2004)).

## III.

The district court concluded that *Younger* abstention applies to Ray's claim that his extradition was improper. On appeal, Ray neither contests the district court's conclusion that the three abstention conditions were met nor argues that a "narrowly delimited exception[]" applies. *Earle,* 388 F.3d at 519. "Failure to prosecute an issue on appeal constitutes waiver of the issue." *United States v. Green*, 964 F.2d 365, 371 (5th Cir. 1992). Accordingly, Ray has not put forth sufficient argument to convince us that the district court erred.[5]

## IV.

For the foregoing reasons, we AFFIRM.

---

[5] Ray also asserts that his initial arrest was illegal. Although the illegal arrest allegation is also subject to the abstention analysis, we note another ground for affirmance. "[P]ro se habeas petitions must be construed liberally," *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990), however, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989). Ray does not allege what made his arrest on October 23 illegal; thus, this allegation is conclusory and insufficient to raise a constitutional issue as to his initial arrest.